**Henry Aevermann, Jr., Appellee, v. Maria Rizek et al., Appellants.**

**Gen. No. 17,211.**

RECEIVERSHIPS—*when appointment without bond erroneous.* In a foreclosure proceeding it is error to appoint a receiver without a bond being required of the complainant, the order of appointment not reciting that in the opinion of the court a bond ought not to be required, and this notwithstanding the trust deed being foreclosed provided for the appointment of a receiver.

Foreclosure. Appeal from the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the October term, 1910. Reversed. Opinion filed April 13, 1911.

JOSEPH KOHN, for appellant.

MORSE IVES, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

Complainant filed a bill in the Superior Court to foreclose a trust deed in the nature of a mortgage, and the court appointed a receiver of the mortgaged premises without requiring the complainant to give a bond. From the order appointing such receiver, Moritz Ertl, one of the defendants, appealed.

The Act of May 15, 1903, relating to the appointment of receivers, provides: ''that before any receiver shall be appointed the party making the application shall give bond, etc.,   *   *   *   provided that bond need not be required when for good cause shown and upon notice and full hearing, the court is of opinion that a receiver ought to be appointed without such bond.'' In Ayers v. Steamship Co., 150 Ill. App. 137, and Watson v. Cudney, 144 *id.* 624, it was held that to authorize or make valid an order appointing a receiver

without bond, the order must state that in the opinion of the court a receiver ought to be appointed without such bond. The order appointing the receiver in this case does not state that in the opinion of the court a receiver ought to be appointed without the complainant giving bond. We see no reason to alter or modify the views expressed in the cases above cited.

We do not think that the fact that the trust deed sought to be foreclosed provided that a receiver should be appointed in case of a proceeding to foreclose, gave the court the right to appoint a receiver without bond unless the court was of the opinion that a receiver ought to be appointed without such bond.

The complainant made the appellant Ertl a defendant to the bill, and this gave to him the right to appeal from the order appointing a receiver without showing his interest in the mortgaged premises.

The order of the Superior Court appointing a receiver will be reversed.

*Reversed.*