# William E. Mason, Executor, Appellee, v. James H. Hooper, Appellant.

## Gen. No. 17,614.

1. RECEIVERSHIPS—*when failure to require bond will not reverse.* Unless the necessity of giving a bond as provided by statute is dispensed with in the order of appointment, an order reversing the order appointing the receiver will not be entered.

2. RECEIVERSHIPS—*when improper in foreclosure cases.* In the absence of a showing a receiver before sale is improper in a foreclosure proceeding where the trust deed does not provide therefor and this not-

withstanding the rents and profits are pledged for the payment of the mortgage debt.

Bill in chancery. Appeal from the Circuit Court of Cook county; the Hon. Lockwood Honore, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed. Opinion filed December 22, 1911. Rehearing denied January 9, 1912.

A. G. Dicus, for appellant.

Charles E. Pope, for appellee.

Mr. Justice Clark delivered the opinion of the court.

This is an appeal from an interlocutory decree appointing a receiver of property covered by a trust deed sought to be foreclosed by a bill in chancery brought for that purpose.

The record shows that a trust deed was given by Susan Kobliska and Joseph Kobliska, her husband, on October 1, 1902, to secure a promissory note for the sum of $500, payable three years after the date thereof, and is in short form, pledging the rents, issues and profits as security for the payment of the amount of the incumbrance, but not providing for the appointment of a receiver in the event of foreclosure proceedings.

The bill alleges as ground for foreclosure that the defendants have suffered the premises to be sold for taxes and that the purchaser at such tax sale is now entitled to a deed.

It appears from the record that the appellant, Hooper, who was made defendant, filed his appearance and resisted the appointment of a receiver. Prior to perfecting his appeal by filing a bond, he interposed a general demurrer in the case.

The grounds upon which it is insisted by the appellant that the order should be reversed are that the provisions of section 53 and 54 of Chapter 22 of the Revised Statutes were not complied with; that the verification to the bill was insufficient and afforded no

foundation for the appointment of a receiver; that there was no proof that the original maker of the note is insolvent; that the proof shows that the property was sufficient security, and that the clause in the trust deed granting the trustee or his successor in trust the right to enter into and upon and take possession of the premises does not grant the power to the holder of the note as sole complainant to have a receiver appointed.

Section 53 of chapter 22 of the Revised Statutes is to the effect that before any receiver shall be appointed the party making the application shall give bond to the adverse party in such penalty as the court or judge may order and with security to be approved by the court or judge, conditioned to pay all damages, including attorney's fees, sustained by reason of the appointment and acts of such receiver. It also provides that bond need not be required when, for good cause shown, and upon notice and full hearing, the court is of the opinion that a receiver ought to be appointed without such bond.

The order appointing a receiver does not in terms dispense with the requirement of the statute that the receiver give a bond to the complainant. In Watson v. Cudney, 144 Ill. App. 624; Staar v. Moy Tong Koon, 145 Ill. App. 341; Ayers v. Boal, 150 Ill. App. 137, and in the case of Aevermann v. Rizek, 160 Ill. App. 648, it has been held that unless the necessity of giving a bond so provided for by the statute is dispensed with in the order of appointment, an order reversing the order appointing the receiver will be entered in this court. These decisions were all rendered in this district, and we feel that they should be followed by us, even if our own views might be different were the question one that had not previously been passed upon. By so holding uniformity of the practice is secured.

In the First National Bank v. Illinois Steel Co., 174 Ill. 140, it was held that where a trust deed provides ˎ

in terms for the appointment of a receiver upon the institution of foreclosure proceedings, the appointment of a receiver is a right which the owner of the note secured by the trust deed has, and that the appointment is not one that rests in the discretion of the chancellor.

The trust deed in the present case was executed in October, 1902; the act referred to did not take effect until July 1, 1903. It has been suggested that therefore the act does not apply. We think it is unnecessary for us to determine whether or not it would apply in a case like that last referred to (First National Bank v. Ill. Steel Co., *supra*) because in the present case the trust deed does not provide for the appointment of a receiver, although the rents and profits are pledged for the payment of the mortgage debt.

For the reasons given the order appointing a receiver will be reversed.

We find it unnecessary to discuss the other points mentioned in the briefs.

*Order reversed.*