**John Spry Lumber Company, Appellee, v. Patrick K. Hardin et al., on appeal of Patrick K. Hardin, Appellant.**

### Gen. No. 18,651.

RECEIVERS—*necessity of bond.* A court of chancery is powerless to appoint a receiver without first requiring the complainant to give a bond as required by statute, unless the order of appointment discloses that for good cause shown, upon notice and full hearing, the chancellor is of opinion that the giving of such bond should be dispensed with.

Interlocutory appeal from the Superior Court of Cook county; the Hon. CHARLES A. McDONALD, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Reversed. Opinion filed August 12, 1912.

William A. Rogan, for appellant.

No appearance for appellee.

Mr. Justice Baume delivered the opinion of the court.

This is an appeal from an interlocutory order appointing a receiver, entered in the Superior Court in a proceeding in equity instituted by appellee against the appellant, Patrick K. Hardin, and others, to set aside certain alleged fraudulent conveyances and transfers of property, and for discovery, injunction and the appointment of a receiver. The order appointing a receiver on April 22, 1912, is, as follows:

"On motion of solicitors for complainant herein and on verified bill of complaint herein, it is ordered by the court that John R. Owen be and hereby is appointed receiver for the property, assets and effects of whatsoever kind or nature there may be, belonging to said Patrick K. Hardin, upon said receiver filing bond in the sum of Five Hundred ($500.00) Dollars, with surety to be approved by the Court."

Section 1 of an act concerning the appointment and discharge of receivers provides, as follows:

"That before any receiver shall be appointed the party making the application shall give bond to the adverse party in such penalty as the court or judge may order and with security to be approved by the court or judge conditioned to pay all damages including reasonable attorney's fees sustained by reason of the appointment and acts of such receiver, in case the appointment of such receiver is revoked or set aside; *provided*, that bond need not be required, when for good cause shown, and upon notice and full hearing, the court is of opinion that a receiver ought to be appointed without such bond." Rev. Stat., 1911, 167.

It has been repeatedly held that a court of chancery presuming to act upon the authority of this section of the statute is powerless to appoint a receiver without first requiring the complainant to give a bond as re-

quired by said section of the statute, unless the order of appointment discloses that for good cause shown, upon notice and full hearing, the chancellor is of opinion that the giving of such bond should be dispensed with. Watson v. Cudney, 144 Ill. App. 624; Staar v. Koon, 145 Ill. App. 341; Ayres v. The Graham Steamship Coal & Lumber Co., 150 Ill. App. 137; Aevermann v. Rizek, 160 Ill. App. 648.

It follows that the receiver was improvidently appointed and that the order appealed from must be and is reversed.

*Order reversed.*