## Lydia M. Fluke, Appellee, v. Edwin A. Phelps et al., On Appeal of James H. Hooper, Appellants.

### Gen. No. 18,772.

1. APPEALS AND ERRORS—*when assignment of error is necessary.* On an appeal from a decree granting an injunction and appointing a receiver, an assignment of error in appointing the receiver does not bring the restraining order before the court for review.

2. RECEIVERS—*bond.* It is error to appoint a receiver without requiring a bond by the complainant, unless the order of appointment contains a statement or finding that a receiver ought to be appointed without such bond.

Appeal from the Superior Court of Cook county; the Hon. CHARLES A. McDONALD, Judge, presiding. Heard in this court at the October term, 1912. Affirmed in part and reversed in part. Opinion filed January 27, 1913.

Appellee filed in the Superior Court her amended bill for the partition of certain real estate which she alleged she and the defendants other than Hooper and Adair owned as tenants in common. The bill alleged that their title to a part of said real estate came to them as the heirs at law of Clarissa Spaulding, deceased. The bill further alleged that Braden had in his possession three instruments in writing purporting to be warranty deeds executed by Clarissa Spaulding, conveying to him portions of said real estate; that Hooper had in his possession a warranty deed purporting to be made by said Clarissa Spaulding, conveying to him portions of said real estate, and warranty deeds purporting to be made by said Adair, conveying to him certain portions of said real estate; that said three deeds to Adair were fraudulent and void for reasons stated in said amended bill and the deed from Clarissa Spaulding to Hooper was void for reasons stated in said amended bill. The bill prayed for an injunction or order restraining Hooper and Adair from making or recording any instrument in

writing in relation to said real estate, and that a receiver of the rents, etc., be appointed. July 1, 1912, the court on notice and after a hearing, at which Hooper introduced evidence, ordered that Hooper and Adair be restrained from making, delivering or recording any deed or contract in writing relating to said real estate, and that Jesse Wilcox be appointed receiver to take charge of and collect the rents of said property. From this order Hooper prosecutes this appeal.

EDWARD F. COMSTOCK and CHARLES C. SPENCER, for appellee.

Appellant, JAMES H. HOOPER, *pro se.*

MR. JUSTICE BAKER delivered the opinion of the court.

The following is the only assignment of error:

"The court erred in entering said decree or order because it did not require complainant, first, to give bond as required by sec. 53, chap. 22, of Hurd's Revised Statutes, and complainant did not file such a bond."

This assignment does not bring before us for review the restraining order, but only the order appointing a receiver.

The statute, section 22, chap. 52, R. S., provides that before any receiver shall be appointed, the party making the application shall give bond to the adverse party in such penalty as the court or judge may order, and with security to be approved by the court or judge, conditioned to pay all damages, including attorney's fees, sustained by reason of the appointment and acts of such receiver. It also provides that bond need not be required when, for good cause shown, and upon notice and full hearing, the court is of the opinion that a receiver ought to be appointed without such bond. The order appointing a receiver does not in

terms dispense with the requirement of the statute that the receiver give a bond to the complainant. In Watson v. Cudney, 144 Ill. 624; Staar v. Moy Tong Koon, 145 Ill. App. 341; Ayres v. Graham S. S. Coal & Lumber Co., 150 Ill. App. 137; Aevermann v. Rizek, 160 Ill. App. 648, and Mason v. Hooper, 166 Ill. App. 537, it was held to be error to appoint a receiver without a bond by complainant unless the order of appointment contained a statement or finding that a receiver ought to be appointed without such bond. We see no reason to alter or modify the views expressed in the cases above cited.

We think that the record shows sufficient grounds for the appointment of a receiver, but if one is appointed the court should require the moving party to give bond as provided by the statute, unless in the opinion of the court a receiver ought to be appointed without such bond, and in that case the order of appointment should so state.

The order appointing a receiver is reversed and the restraining order appealed from is affirmed.

*Affirmed in part and reversed in part.*