August J. Schoenecke, Appellee, v. Chicago · Title & Trust Company, Trustee, et al., on appeal of George McCaffery and John C. McCaffery, Appellants.

## Gen. No. 19,388.

1. MORTGAGES—*receiver in foreclosure.* In foreclosure, appointment of a receiver can be made only on giving bond as provided by R. S. ch. 22, § 53, or upon notice and full hearing as required in the proviso.

2. MORTGAGES—*receiver in foreclosure.* In foreclosure, an order appointing a receiver without bond should in its terms dispense with the requirements of R. S. ch. 22, § 53 for bond.

Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed. Opinion filed March 25, 1913.

FRANK & LURIE, for appellants.

No appearance for appellee.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

In this case an interlocutory decree was entered appointing a receiver of property covered by a trust deed sought to be foreclosed. The provisions of section 53 of chapter 22 of the Revised Statutes were not complied with. By this section before any receiver may be appointed the party making the application . is required to give bond to the adverse party, the amount to be fixed and the security to be approved by the court or judge, and bond conditioned to pay all damages, including attorney's fees, sustained by reason of the appointment and acts of such receiver. There is a proviso that a bond need not be given when, for good cause shown, and upon notice and full hearing, the court is of opinion that a receiver should be appointed without such bond. In the present case the appointment was made without notice, and the order

does not in its terms dispense with the requirement of the statute in the respect mentioned. It must therefore be reversed. Watson v. Cudney, 144 Ill. App. 624; Starr v. Moy Tong Koon, 145 *id.* 341; Ayres v. Steamship Co., 150 *id.* 137; Aevermann v. Rizek, 160 *id.* 648; Mason v. Hooper, 166 *id.* 537.

*Order reversed.*