## Mike Walenti, Complainant and Plaintiff in Error v. John Krolik et al., Defendants.  Albert J. Terwell, Defendant in Error.

### Gen. No. 29,148.

1. FORECLOSURE OF MORTGAGES—*propriety of receivership in fore-closure of trust deed including rents and profits.*  Under the provisions of a trust deed, wherein the rents and profits of the premises were expressly pledged, and under the allegations of the bill to foreclose, disclosing waste and insufficient or scant security, the court was warranted in appointing a receiver, pending the outcome of the foreclosure proceedings, to collect the rents and preserve the property.

2. FORECLOSURE OF MORTGAGES—*necessity of bond in receivership in foreclosure of trust deed including rents and profits.*  Though it was erroneous to appoint a receiver in a foreclosure proceeding without requiring a bond from complainant or making it appear in the order of appointment that, in the opinion of the court, the appointment should be made without requiring a bond, the appointment was not void, where the court had jurisdiction and was fully warranted by the case made by the bill in making the appointment without requiring a bond from complainant.

3. FORECLOSURE OF MORTGAGES—*propriety of removal of receiver before sale in foreclosure of trust deed.*  Where a trust deed expressly pledged the rents and profits as part of complainant's security. and the bill to foreclose alleged waste and insufficient or scant security, the court erred in entering an order removing the receiver and ordering him to surrender possession and to pay over the balance left from rents collected to the claimed owner of the equity of redemption, who purchased it subject to the lien created by the trust deed, until a sale had been had under the foreclosure decree and the indebtedness due complainant, including interest, costs, etc., had been fully satisfied.

Error by plaintiff to the Circuit Court of Cook county; the Hon. HUGO M. FRIEND, Judge, presiding. Heard in the second division of this court for the first district at the March term, 1924. Reversed and remanded with directions. Opinion filed October 7, 1924. Additional opinion filed October 25, 1924.

JOSEPH A. AMBROSIUS, for plaintiff in error; JOSEPH A. PEPPETS, of counsel.

EDWARD H. KUBITZ, for defendant in error.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

By this writ of error Mike Walenti, complainant in a foreclosure proceeding, seeks to reverse an order of the circuit court of Cook county, entered April 10, 1923, upon petition of Albert J. Terwell (purchaser of the equity of redemption), wherein the court found that its previous order, entered January 6, 1921, appointing one Lubis as receiver of the premises, "*is void*, in this that said order does not require complainant to give bond and does not find that upon notice and full hearing and for good cause shown the bond of complainant be excused"; that Terwell is the owner of the equity of redemption and entitled to possession; and that, upon the hearing upon the receiver's account and the objections of Terwell thereto, it appears that the receiver has collected the sum of $1,044.48, and is entitled to certain credits for payments made for taxes, insurance, repairs and for attorney's fees, and has a cash balance on hand of $582.30; and wherein the court ordered that said order of January 6, 1921, be vacated; that Lubis be removed as receiver and surrender possession of the premises and pay over to Terwell said sum of $582.30 within twenty days; and that upon filing a voucher showing such payment he be discharged.

From this order complainant originally perfected an appeal to this Appellate Court to the October, 1923, term, but on January 2, 1924, the appeal was dismissed. During the same month the present writ of error was sued out, which, upon bond being filed, was made a *supersedeas.* Terwell has assigned cross errors, claiming that the court erred in crediting the receiver for certain moneys expended in payment of the back taxes and for insurance on the premises, aggregating $134.10, and in not directing the receiver

to pay to him this sum in addition to the $582.30.

Complainant's bill was filed on January 4, 1921, to foreclose a trust deed, dated July 12, 1919, and executed by John Krolik and wife, wherein, as security for their principal note of $2,500, due in one year, and certain interest notes, they conveyed to a trustee the premises in question, "together with the improvements thereon, * * * *and the rents, issues and profits thereof,* and everything appurtenant thereto." It was further provided in the trust deed that "the grantors waive all right to the possession of, and income from, said premises pending the foreclosure proceedings, and until the period of redemption from any sale thereunder expires"; that upon a breach of any of the covenants, etc., the legal holder of the notes should have the right to immediately foreclose, and that upon the filing of any bill for that purpose the court might at once and without notice to the grantors, or party claiming under them, "appoint a receiver for the benefit of the legal holder or holders of the indebtedness secured hereby, with power to collect the rents, issues and profits of said premises, during the pendency of said foreclosure suit, and until the time to redeem the same for any sale that may be made under any decree foreclosing this trust deed shall expire, and with power to pay the taxes, assessments and insurance," etc. To the bill the Kroliks, and one Rudolph J. Wind (to whom had been conveyed the premises subject to the trust deed) and others, were made parties defendant. It was alleged in the bill, inter alia, that the Kroliks and Wind had failed to keep the premises insured and had failed to pay certain taxes; that the premises were improved with a two-story frame building which was badly in need of repairs; that the Kroliks and Wind had neglected to keep the building in repair and on this account it was depreciating in value; and that the value of the premises, to wit, $3,000, was insufficient to pay the

amount due complainant together with costs. On the day the bill was filed complainant gave notice to Wind and certain other defendants that an application would be made to the court on the morning of January 6, 1921, for the appointment of a receiver. It does not appear that either Wind or any defendant made any objections to such an appointment, and Lubis was on that day appointed with the usual powers and duties, conditioned upon his filing his bond of $1,000 as receiver, which bond was on the same day filed and he immediately took possession and was in possession when the order now in question was entered.

Under the provisions of the trust deed, wherein the rents and profits were expressly pledged, and under the allegations contained in complainant's bill, disclosing waste and insufficient or scant security, we think it clear that the court was fully warranted in appointing a receiver, pending the outcome of the foreclosure proceedings, to collect the rents and to preserve the property. But it does not appear from the present record that, before the receiver was appointed, complainant gave any bond to the adverse party or that the court found that the appointment should be made without the giving of such bond, in accordance with the "Act concerning the appointment and discharge of receivers." (Cahill's Ill. St. 1921, ch. 22, ¶ 55.) It has frequently been held by this Appellate Court that to entitle a complainant to the appointment of a receiver, *pendente lite*, he must give the bond required by the statute, unless the court shall be of the opinion that a receiver ought to be appointed without the giving of such bond, and, if so, that such opinion must affirmatively appear in the order of appointment (*Watson v. Cudney,* 144 Ill. App. 624, 629; *Staar v. Koon,* 145 Ill. App. 341, 347); and that an appointment of a receiver, without complainant giving a bond or without such opinion of the court being so affirmatively expressed, was *erroneous.*

(*Ayres v. Graham Steamship Coal & Lumber Co.,*
150 Ill. App. 137, 143; *Fluke v. Phelps,* 177 Ill. App.
95, 97.)   But it does not follow, as here contended by
counsel for Terwell and as found by the court in the
order now in question, that the appointment of the
receiver was *void.* (*Bothman v. Lindstrom,* 221 Ill.
App. 262, 272.)   The court had *jurisdiction* to make
such appointment, and we think that the court was
fully warranted in so doing, on the case made by the
bill, without requiring a bond from the complainant.
The error of the court, apparently, was in failing to
incorporate in the order of appointment, in compli-
ance with the statute, the fact that the court was of
the opinion that complainant's bond should not be
required.   Furthermore, the then owner of the prem-
ises subject to the trust deed, Rudolph J. Wind, hav-
ing notice that an application for a receiver would be
made, made no objection then or thereafter; nor was
any objection made by any one to the appointment
and acts and doings of the receiver until February 17,
1923 (nearly five months after the foreclosure decree
of September 21, 1922, was entered), when Terwell,
having subsequently purchased from Wind the equity
of redemption and having entered his appearance in
the cause on January 22, 1923, filed a verified petition,
praying that said order of January 6, 1921, appoint-
ing Lubis as receiver, be vacated, that the receiver be
directed to deliver possession of the premises to him,
as owner of the equity of redemption, and that the
receiver account and pay over to him all moneys col-
lected as rents since January 6, 1921.   In the petition
he alleged that the appointment of the receiver, hav-
ing been made without compliance with the statute
above referred to, was void, and that, because of this
and because he was the owner of the equity of redemp-
tion, he should have the relief asked.

The main contention of complainant's counsel is
that the court by the order in question erred in re-

moving the receiver and directing him to pay the balance of the moneys in his hands, collected from rents, to Terwell.

The trust deed was executed on July 12, 1919, and the bill filed on January 4, 1921, and, therefore, any decree of foreclosure thereafter entered would have to be in accordance with the provisions of the 1917 amendment (Laws of 1917, p. 558) of the Judgment Act of 1872, as to the procedure for the redemption of the premises and time of sale. This 1917 amendment was repealed in effect by the amendment of 1921 (Laws of 1921, p. 500), and the form of the Act as it existed before 1917 was fully restored by the latter amendment (*Ryan v. Allen*, 312 Ill. 250, 251), in which *Ryan* case, it is said (p. 253):

"The chief difference between the Act as amended in 1917 and as it existed prior to July 1, 1917, and since July 1, 1921, is, that between 1917 and 1921 the redemption period ran before sale and the real estate was sold after the expiration of the fifteen months following the issuance of the certificate, whereas under the law before 1917 and since 1921 the property was sold first and the redemption period ran from the date of the sale. Under the act of 1917 the certificate was, in effect, a certificate of the judgment; under the Act as amended in 1921 it was a certificate of sale."

In the present case, the foreclosure decree was entered September 21, 1922, in which the court found that there was due complainant $3,465.29, including $350 for his reasonable solicitor's fees, and also the costs of the proceeding, including master's fees of $109.10, and that complainant had a valid first lien on the premises, by virtue of said trust deed, superior to the rights, interests and liens of all other parties. And, in substantial compliance with said 1917 amendment to said Judgment Act of 1872, the court decreed in substance that the master in chancery should at once, and under date of September 21, 1922, make and

deliver to complainant a certificate (called a certificate of indebtedness), and file a duplicate thereof with the recorder of deeds of Cook county, and, if the amount due under said certificate of indebtedness should not be satisfied as provided by law then the premises should immediately, "after the expiration of fifteen months from the date of said certificate of indebtedness, be sold," etc.

As the order in question was entered on April 10, 1923 (less than seven months after the entry of the foreclosure decree), it is not disclosed in the present record whether or not, after the expiration of fifteen months from the date of the decree, a sale of the premises was made, and, if made, whether or not there was a deficiency. We are informed, however, by counsel for the respective parties hereto, that there was a sale under the decree on January 19, 1924, which was confirmed by the court, and a deficiency decree entered for about $1,046.

In view of the provisions of the trust deed, wherein the rents and profits were expressly pledged as part of complainant's security, and in view of the allegations of the bill, if a foreclosure decree had been had under the law as it existed before said 1917 amendment to the Judgment Act of 1872 and as it now exists, and if a sale thereunder had resulted in a deficiency of over $1,000, we think it clear under the decided cases that complainant would have been entitled to said balance of rents in the receiver's hands, by reason of such deficiency, as against Terwell, the claimed owner of the equity of redemption who purchased it subject to the lien created by the trust deed. (*Owsley v. Neeves*, 179 Ill. App. 61, 63; *Haas v. Chicago Bldg. Society*, 89 Ill. 498, 506; *First Nat. Bank v. Illinois Steel Co.*, 174 Ill. 140, 148; *Bagley v. Illinois Trust & Savings Bank*, 199 Ill. 76, 78; *Prussing v. Lancaster*, 234 Ill. 462, 467.) And we can see no reason, in principle, where, as in the present case, the foreclosure

decree was entered in compliance with the provisions of said 1917 amendment (directing a sale after the expiration of the period allowed for redemption in case the amount due complainant was not paid), and where by the terms of the foreclosed trust deed the rents are expressly pledged, why rents in the hands of a receiver should not be held, and accruing rents preserved by him, for the benefit of a complainant, in the event the premises on the sale should not bring enough to satisfy his debt, interest and costs, and a deficiency decree should be entered. In *Bolton v. Starr,* 223 Ill. App. 39, this Appellate Court said:

"One entitled to enforce such lien is not bound to wait for such decree before procuring the appointment of a receiver where the facts indicate a necessity for it. Whether there will be a deficiency can only be ascertained with certainty from the result of the judicial sale. But where on account of the alleged inadequacy of the security a deficiency may well be anticipated it is unquestionably within the equitable power of the court under such a provision as that quoted to appoint a receiver, any time after filing of the bill, for the purpose of collecting and retaining until the period of redemption expires the rents so pledged to satisfy the indebtedness. * * * Nor is it material that they (the mortgagors) are not still the owners of the equity of redemption. The purchaser thereof acquired no greater rights than they possessed and he took the property subject to the trust deed and hence to the right to enforce the lien on the rents given thereunder."

In *Owsley v. Neeves,* 179 Ill. App. 61, 64, it is said:

"The property described in the mortgage was sold at the sale, but the rents and profits that accrued during the redemption period were not sold. No order could have been properly entered for those rents to be applied on the debt until after the sale and after it was ascertained that the sale would not completely equal or satisfy the debt and costs. After the deficiency was established appellees then for the first time were

entitled to an order applying the rents to extinguish their judgment, and they were entitled to such an order by reason of the express provisions of the trust deed to which appellant's rights were subject by the express terms of the deed made to him.''

Our conclusion is that the court erred in entering the order of April 10, 1923, now in question, wherein Lubis was removed as receiver and he was directed to surrender possession of the premises to Terwell and to pay said balance of $582.30 to him. We do not think that he was entitled to any moneys collected by the receiver until a sale had been had under the foreclosure decree, and then only in the event that the indebtedness due complainant, together with interest, costs, etc., was fully satisfied.

Accordingly the order is reversed; and, inasmuch as the statute above mentioned, concerning the appointment and discharge of receivers, was not strictly complied with when Lubis was appointed receiver on January 6, 1921, the cause is remanded for a compliance with said statute, and with directions to the court either to require the complainant to give a bond with such penalty and security and with such conditions as mentioned in the statute, or upon notice and full hearing to state that such bond is not required, and to enter an order accordingly, and to take such further proceedings as may be deemed necessary, not inconsistent with the views herein expressed.

*Reversed and remanded with directions.*

FITCH, P. J., and BARNES, J., concur.