National Supply Co. v. Illinois Preserving Co., 239 Ill. App. 69.

## National Plumbing and Heating Supply Company, Appellee, v. Illinois Wood Preserving Company, Appellant.

## Gen. No. 30,816.

1. CREDITORS' SUITS—*return of execution nulla bona as ground for suit in equity.* Where a judgment has been obtained and an execution thereon has been duly issued and returned nulla bona, a creditors' bill in aid of execution will lie.

2. CREDITORS' SUITS—*municipal court judgment as basis for creditors' bill in superior court.* Where execution has been duly issued on a judgment in the municipal court of Chicago, and returned nulla bona, a bill of complaint against the judgment debtor for discovery, for a decree requiring payment of the judgment, for the appointment of a receiver, and for general relief, filed in the superior court of Cook county, is not open to attack as not sufficiently showing that plaintiff has exhausted its remedy at law because it fails to allege that the judgment debtor has no property in Cook county outside the jurisdiction of the municipal court, which might be taken at law to satisfy the claim of the judgment creditor.

3. EQUITY—*sufficiency of verification of creditors' bill.* A bill of complaint in a creditors' suit for discovery and the appointment of a receiver for the judgment debtor held sufficiently verified by an affidavit wherein the affiant stated that he had read the bill and knew the contents, and that they were true of his own knowledge "except as to the matters stated on information and belief, and as to those he believes it to be true."

4. RECEIVERS—*necessity that order appointing receiver without giving of bond by complainant show judicial determination of non-necessity of bond.* Where the record of a creditors' suit for discovery and the appointment of a receiver for a judgment debtor, although showing grounds for the appointment of a receiver, fails to show that the appointment of the receiver ordered by the court was after a full hearing upon which the court determined that the giving of a bond by the complainant should be dispensed with, no such determination being recited in the order of appointment, such order of appointment was erroneous and must be reversed.

Interlocutory appeal by defendant from the Superior Court of Cook county; the Hon. WORTH E. CAYLOR, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1925. Reversed. Opinion filed December 2, 1925.

FRANCIS A. HARPER, for appellant.

FRISCH & FRISCH, for appellee; ABEL LEVY, of counsel.

MR. JUSTICE TAYLOR delivered the opinion of the court.

On July 9, 1925, the National Plumbing and Heating Supply Company, complainant, filed a bill of complaint in the Superior Court of Cook county, in which it is alleged that on May 26, 1925, the complainant recovered judgment against the defendant, the Illinois Wood Preserving Company, in the sum of $298.93, on an indebtedness contracted on or about April 1, 1924; that an execution was duly issued and delivered to the sheriff of said county and by him returned wholly unsatisfied, and that that judgment is still in full force and effect.

It is further alleged that the complainant was informed and believed that the defendant has real estate or personal property which is concealed, or title thereto held by others, so that the complainant is unable to levy thereon; that the defendant has, since May 26, 1925, put out of its hands or possession certain property which should be disclosed and used to pay the judgment, and that the bill of complaint is not exhibited in collusion with the defendant or any other person.

The prayer of the bill of complaint is for a full discovery and for a decree requiring the defendant to pay the judgment, and for a receiver, and for general relief.

The bill of complaint was verified as follows:

"Alex Frankstein, being duly sworn, says that he is the agent of the complainants named in the foregoing bill of complaint; that he has read said complaint and knows the contents thereof and that the same is true of his own knowledge, except as to the matters stated on information and belief, and as to those he believes it to be true."

Before the chancellor, a motion by the solicitors for the complainant for the appointment of a receiver was made, and continued to July 14, then to July 31, then to August 7, 1925.

On September 2, 1925, the bill of complaint was amended by striking out the words, "Sheriff of Cook County," and substituting in lieu thereof the words, "Bailiff of the Municipal Court."

On September 2, 1925, an order was entered as follows: "On motion of Frisch and Frisch, Solicitors for Complainant in the above entitled cause, supported by the sworn bill of complaint herein; it is ordered that in accordance with the prayer in said bill of complaint Chicago Title and Trust Company be appointed receiver for all of the assets of the defendants herein to take possession of the same and collect and receive all rents, issues and profits therefrom, and hold the same until the further order of the court with all of the usual powers of receiver in Chancery upon filing herein its bond for the faithful performance of his duties as such Receiver, in the sum of one thousand dollars ($1,000.00) with a surety to be approved by the court."

On September 3, 1925, an order was entered approving receiver's bond; and, also, an order was entered defaulting the defendant for failure to answer the bill of complaint.

This is an appeal from the interlocutory order of September 2, 1925, appointing the receiver.

That the interlocutory order of the chancellor should be reversed, three reasons are urged: First, that the allegations of the bill of complaint do not sufficiently set forth that the complainant had exhausted its remedy at law; second, that the verification is insufficient; and, third, that there was not a "full hearing before the chancellor and, therefore, he was without power under the statute to appoint a receiver."

First. When a judgment has been obtained and an execution thereon has been duly issued and returned

*nulla bona,* a creditor's bill, such as this, will lie. Chapter 22, Sec. 49, Cahill's Stats. 1925; *Durand & Co. v. Gray, Kingman & Collins,* 129 Ill. 9; *Edwards v. Rodgers,* 41 Ill. App. 405. And, according to *Hart v. Oliver,* 296 Ill. 209, it is in its nature an equitable proceeding, and the principles of that jurisdiction apply. It is urged that it is not alleged that the complainant had exhausted his remedy at law, because there is no claim that the judgment debtor had no property in Cook county outside of Chicago which might be taken at law to satisfy the claim of the judgment creditor. That is answered by Mr. Justice Graves in *Corn v. Greenberg,* 181 Ill. App. 669. In that case the learned justice said:

"It is urged by appellant that as the judgment here relied on was obtained in the Municipal Court, the territorial jurisdiction of which is limited to the city of Chicago, and the bill was filed in the circuit court which has jurisdiction not only in the city of Chicago, but in the balance of Cook county, the judgment is not in the same jurisdiction, and that the bill cannot be maintained in the circuit court, at least not until an execution has been issued on such judgment and placed in the hands of the sheriff of Cook county. We think this is a misconception of the rule. The circuit court has jurisdiction in the entire territory where the Municipal Court has jurisdiction, and the fact that it has also jurisdiction in more territory does not constitute the territory included in the jurisdiction of the Municipal Court a foreign jurisdiction."

There is nothing to the contrary in *Durand & Co. v. Gray, Kingman & Collins,* 129 Ill. 9; *Detroit Copper & Brass Rolling Mills v. Ledwidge,* 162 Ill. 305, and *Hart v. Oliver,* 296 Ill. 209.

Second: As to the verification. The affiant stated that he had read the bill and knew the contents and that they were true of his own knowledge, "except as to the matters stated on information and belief, and as to those he believes it to be true." This court has

already held that this form of verification is entirely proper and in accordance with the law. *Althausen v. Kohn,* 222 Ill. App. 324; *George C. Peterson Co. v. Asphalt Sales Corporation,* 235 Ill. App. 592.

Third: It is urged that there was no "good cause shown" upon notice and a "full hearing," and, so, the chancellor erred in appointing a receiver without first requiring the complainant to give a bond to the defendant.

Paragraph 55, ch. 22, Cahill's St. 1925, is as follows:

"That before any receiver shall be appointed the party making the application shall give bond to the adverse party in such penalty as the court or judge may order and with security to be approved by the court or judge, conditioned to pay all damages including reasonable attorneys' fees sustained by reason of the appointment and acts of such receiver, in case the appointment of such receiver is revoked or set aside; *provided,* that bond need not be required, when for good cause shown, and upon notice and full hearing the court is of the opinion that a receiver ought to be appointed without such bond."

The record shows the following: The bill was filed on July 9, 1925. On July 17, 1925, on motion of the solicitors for the complainant, it was ordered that the motion of the complainant for a receiver be continued until Friday, July 24, 1925, without further notice. On July 24, 1925, on motion of the solicitors for complainant, it was ordered that the motion for the appointment of a receiver be continued to July 31, without further notice. On July 31, 1925, a similar motion, and continuance until August 7, 1925, without further notice.

On September 2, 1925, on motion of solicitors for the complainant, leave was given to amend the bill of complaint by striking the word "Sheriff," wherever it appears, and inserting in lieu thereof the words, "Bailiff of the Municipal Court." On the same day an amendment to the bill of complaint, pursuant to the

leave given was filed. On the same day, September 2, 1925, on motion of the solicitors for the complainant, "supported by the sworn bill of complaint herein," it was ordered that "in accordance with the prayer in said bill of complaint the Chicago Title and Trust Company, be appointed receiver for all the assets of the defendants herein * * * with all the usual powers of receiver in Chancery, upon filing herein his bond * * * in the sum of $1,000."

On September 3, 1925, an order was entered approving the bond of the receiver. On the same day an order was entered that the defendant be required to plead, answer or demur instanter, and that as no answer or demurrer was interposed as a defense, defendant was defaulted; and it was further ordered that the bill of complaint be taken pro confesso against the defendant for want of an answer, and that the cause be referred to one of the masters in chancery of the court.

On September 4, 1925, on motion of the solicitors for the complainant, it was ordered that the motion of the defendant for the approval of an appeal bond be denied, and that the exception taken to the order of appointment of a receiver "is stricken from the files, since the defendant was not properly in court at said hearing."

On September 10, 1925, on motion of the solicitors for the defendant, it was ordered that the bond of the defendant in the sum of $600 for appeal to the Appellate Court of the First District from the order of September 2, 1925, appointing a receiver for the assets of said defendant be approved.

This appeal, as we have said above, is from the order of September 2, 1925, appointing the Chicago Title and Trust Company receiver for the assets of the defendant.

The question, therefore, arises whether, on the face of the record, we are entitled to hold, as contended for by the defendant, that the chancellor erred in appointing the receiver without first requiring a bond from the

complainant. It is urged that it is not shown that there was a "full hearing" of the matter before the chancellor, and that, therefore, a bond should have been required. The question then arises whether, the record failing to disclose anything more than certain continuances and the order in question, we are entitled to assume, and therefore to hold, that the statute was complied with and there was a "full hearing."

In *Watson v. Cudney,* 144 Ill. App. 624, where an appeal had been taken to reverse an order appointing a receiver, and where the same section of the statute was involved, the court said:

"The record fails to disclose that the applicant gave the bond required by the foregoing section. Neither can we find from the record that the court upon notice and a full hearing was of the opinion that the bond called for by the statute should be dispensed with. The record conveys no intimation of the opinion of the court upon this subject. To entitle appellee to the appointment of a receiver, he must as a *sine qua non* to the enforcement of that right give the bond required by the statute, unless it is the opinion of the court that a receiver ought to be appointed without bond, and then the court's opinion must affirmatively appear in the order making the appointment. The statutory requirement in this regard cannot be dispensed with."

In *Staar v. Koon,* 145 Ill. App. 341, the foregoing quotation from the *Watson* case was approved, and the court said in the *Staar* case that if the chancellor thought or was of the opinion that a receiver should be appointed without requiring the complainant to give a bond "he should have incorporated his finding to that effect in his order."

In *Ayres v. Graham Steamship Coal & Lumber Co.,* 150 Ill. App. 137, the court said: "Courts are without power to appoint receivers without first requiring the complainant to give a bond   *   *   *   unless the necessity of giving bond is dispensed with in the order of appointment."

In *Aevermann v. Rizek*, 160 Ill. App. 648, where an order of the superior court appointing a receiver was reversed, the court said: "The order appointing a receiver in this case does not state that in the opinion of the court a receiver ought to be appointed without the complainant giving bond." *Mason v. Hooper*, 166 Ill. App. 537. *Fluke v. Phelps*, 177 Ill. App. 95.

It follows, therefore, that although a record may show sufficient grounds for the appointment of a receiver, if the court appoints a receiver without requiring a bond from the moving party, under the exception in the statute, unless it is expressly stated in the order of appointment that the receiver is to be appointed without such bond, the order is erroneous; in other words, the order of appointment of a receiver in such a case must itself show that the necessity of giving a bond by the moving party is expressly dispensed with.

Such having been the consistent interpretation by this court of the statute in question, it follows that the order of September 2, 1925, appointing a receiver, must be reversed.

*Reversed.*

THOMSON, P. J., and O'CONNOR, J., concur.