### Elizabeth Daley v. Eva C. Nelson, et al.

#### Gen. No. 11,985.

1. RECEIVER—*when appointment of, improper.* The appointment of a receiver in a foreclosure proceeding is improper where neither the petition therefor nor the bill of complaint filed in the case is verified, and this notwithstanding the provisions of the trust deed sought to be foreclosed.

Foreclosure proceeding. Appeal from the Superior Court of Cook County; the Hon. WILLARD M. McEWEN, Judge, presiding. Heard in this court at the October term, 1904. Reversed. Opinion filed March 13, 1905.

WILLIAM L. REED, for appellant.

A. R. GATES AND W. J. LACEY, for appellees.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

Appellees filed an unsworn bill to foreclose a trust deed. Attached thereto and made a part thereof are copies of such trust deed, and of the notes it was given to secure. The trust deed contained a provision that in case of default the trustee might enter into possession of the premises described therein and collect the rents, issues and profits thereof.

Without the service of summons upon any of the defendants, but with service of notice of the intended motion upon counsel, who admits he is "solicitor for certain defts.," appellees made a motion for the appointment of a receiver of the rents and profits of said premises. Upon the hearing of this motion "The complainants introduced the bill of complaint heretofore filed in this cause and the notice and the endorsements thereon, which said notice is hereto attached and made a part hereof; which was all the evidence of every kind and nature offered or heard upon the hearing of said motion for the appointment of a receiver." Upon this alleged evidence the court entered an order appointing a receiver and directing the tenants to attorn to him. To the entry of this order appellant duly excepted, and then perfected this appeal.

The power of a court of chancery to appoint a receiver in a proper case is undoubted, but the exercise of that power is a totally different proposition. A receiver is not usually appointed before answer unless fraud or some other strong ground to induce the court to act is presented and is clearly proved by affidavit. A petition for the appointment of a receiver must be verified. If the motion is based upon the allegations of the bill, that pleading must be sworn to. Baker v. Backus, 32 Ill. 115; Siegmund v. Ascher, 37 Ill. App. 122; 17 Ency. Pl. & Pr., pp. 736, 738, and notes.

Appellees say that in this case the grantors in the trust deed waived and released their right to the possession of the premises upon default, etc., and therefore a receiver might properly be appointed without showing that the property was scant security and the makers were insolvent. This is true, (Ortengen v. Rice, 104 Ill. App. 428; Bagley v. Ill. Tr. & Savings Bk., 199 Ill. 78), but here there is no evidence that any of the conditions of the trust deed had been broken. The unverified bill presented no competent evidence tending to justify the action of the court.

The decree of the Superior Court is reversed.

*Reversed.*