Adolph Gibberman, Appellee, v. Jonas Stangal et al., on appeal of Mollie Feder and Jacob Feder, Appellants.

Gen. No. 23,459.    (Not to be reported in full.)

Interlocutory appeal from the Circuit Court of Cook county; the Hon. Frederick A. Smith, Judge, presiding. Heard in this court. Reversed. Opinion filed December 3, 1917.

## Statement of the Case.

Bill for foreclosure by Adolph Gibberman, complainant, against Jonas Stangal and others, defendants. From an interlocutory order appointing a receiver of the mortgaged premises, defendants Mollie Feder and Jacob Feder appeal.

Joseph Rosenberg, for appellants.

Louis Dulsky and Samuel Dulsky, for appellee.

Mr. Presiding Justice Holdom delivered the opinion of the court.

## Abstract of the Decision.

1. Mortgages, § 518*—*when reason for appointment of receiver without bond must appear in order of appointment.* Where a bond is not exacted upon the appointment of a receiver in foreclosure proceedings, the reason for appointing a receiver without bond must appear by an appropriate recital in the order of appointment.

2. Mortgages, § 515*—*necessity of notice and full hearing in proceedings for receiver.* When a bond is not exacted of the receiver in foreclosure proceedings, there must be notice and a full hearing.

3. Mortgages, § 515*—*what constitutes sufficient service of motion for appointment of receiver on party.* Service on a party of notice of a motion for the appointment of a receiver without bond

*See Illinois Notes Digest, Vols, XI to XV, and Cumulative Quarterly, same topic and section number.

in foreclosure proceedings is sufficient when made by leaving a copy of the notice with her husband and codefendant.

4. MORTGAGES, § 518*—*when order of appointment of a receiver must contain finding of ground of waiver of notice of applications for order for receiver and bond.* A provision in a trust deed which waives notice of the application of an order for a receiver and the giving of a bond by the complainant does not dispense with the necessity of a finding in the order of appointment of a ground for such waiver, but the order should recite that the bond was not required because waived by the terms of the trust deed.