450    APPELLATE COURTS OF ILLINOIS.

Sherman Park State Bk. v. Loop Office Bldg. Corp., 238 Ill. App. 450.

## Sherman Park State Bank, Appellee, v. Loop Office Building Corporation, Appellant.

### Gen. No. 30,799.

1. RECEIVERS—*grounds for appointment.* A receiver should not be appointed except on proof of grounds showing fraud or immediate danger to the property, unless it is taken into the custody of the court.

2. RECEIVERS—*unverified bill as basis for appointment.* A bill verified only by an affidavit on information and belief affords no competent evidence in support of a motion for the appointment af a receiver.

3. RECEIVERS—*prerequisites to appointment of receiver upon application unaccompanied by bond.* An order based upon the proviso to paragraph 55, chapter 22 of the Chancery Act, Cahill's St. ch. 22, ¶ 55, waiving the requirement of a bond from the applicant for the appointment of a receiver, is insufficient and improperly entered which does not affirmatively show that the court was of opinion that the receiver should be appointed without such bond, that does not show the facts excusing the giving of such bond, and .that does not recite the specific reason for the appointment of the receiver.

Interlocutory appeal by defendant from the Superior Court of Cook county; the Hon. WALTER P. STEFFEN, Judge, presiding. Heard in the first division of this court for the first district. Reversed. Opinion filed November 30, 1925.

WINSTON, STRAWN & SHAW, for appellant; JOHN C. SLADE, of counsel.

DANAHER & GARRIOTT, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

This is an appeal from an interlocutory order appointing a receiver solely on the allegations of a bill.

Receivers should not be appointed except on proof of grounds showing fraud or immediate danger to the property unless it is taken into the custody of the. court. *Nartzik v. Ehman,* 191 Ill. App. 71.

If the motion for the appointment of a receiver is based upon the allegations of a bill, it must be sworn to, otherwise there is no competent evidence furnishing a basis for the appointment of a receiver. *Daley v. Nelson,* 119 Ill. App. 627. An examination of the affidavit attached to the instant bill of complaint shows that the alleged facts are not sworn to. The affidavit purports to be made by an agent and asserts "to the best of his knowledge and belief the facts therein set forth are true, except as to those statements made on information and belief, and as to such statements this affiant states he believes them to be true." This is no affidavit as to the facts. It asserts only affiant's belief that the facts therein set forth are true, except as to the statements made on information and belief, which negatives the truth of the statements, for all of the statements are made on information and belief. Such an improperly verified bill proves nothing to justify the appointment of a receiver. *Siegmund v. Ascher,* 37 Ill. App. 122.

Paragraph 55, chapter 22 of the Chancery Act [Cahill's St. ch. 22, ¶ 55] provides that, before a receiver shall be appointed, the party making the application shall give a bond, *"provided,* that such bond need not be required when for good cause shown, and upon notice and full hearing, the court is of opinion that a receiver ought to be appointed without such bond." The instant order provides that: "It is further ordered, upon good and sufficient showing, that the bond of the complainant herein be, and the same is, hereby waived." This is objectionable in several respects: (1) the order does not show affirmatively that the court was of the opinion that the receiver should be appointed without bond. (2) It is not enough to recite that the bond is waived "upon good and sufficient showing." The facts must be shown which would excuse the giving of a bond. (3) The specific reason for appointing a receiver without bond must be recited in

the order. *Gibberman v. Stangal,* 208 Ill. App. 298; *Watson v. Cudney,* 144 Ill. App. 624.

The order was improperly entered and is reversed.

*Reversed.*

MATCHETT, P. J., and JOHNSTON, J., concur.