Rose I. Davis, Complainant—Appellee, v. Anne Blair et al., Defendants.
Appeal of Oliver F. Smith, Defendant—Appellant.

Gen. No. 33,444.

Opinion filed April 17, 1929. Rehearing denied May 1, 1929.

OSSIAN CAMERON and EDWARD H. S. MARTIN, for appellant.

SONNENSCHEIN, BERKSON, LAUTMANN & LEVINSON, for appellee; BEN ROTHBAUM, of counsel.

MR. JUSTICE RYNER delivered the opinion of the court.

This is the appeal of the defendant, Oliver F. Smith, from an interlocutory order of the circuit court of Cook county, appointing a receiver in a foreclosure proceeding. The only allegation in the bill of complaint as to Smith's interest in the premises being foreclosed was that he claimed "some right, title, interest and lien in and to" the property.

On January 11, 1929, and before the cause was at issue, a motion for the appointment of a receiver was

made and continued. Smith was represented by counsel. After several continuances of the motion, the court on January 23, 1929, appointed C. H. Penikoff as receiver. The order of appointment recited that the record owner of the premises had been duly notified of the motion. The complainant was excused from giving bond by the language following: "And for good cause shown, after notice and full hearing, the complainant herein is not required to give bond." The receiver gave bond which was approved by the court on January 24, 1929.

On February 14, 1929, the receiver filed his petition asking for a rule upon Smith to show cause why he should not pay to the receiver rent for the premises at the rate of $125 per month. Smith was ruled to show cause. On February 19, 1929, he filed a verified answer in which he stated, "that the premises involved in said suit are being purchased by Catherine C. Smith, said defendant's wife, under contract from Anne Blair, and that defendant's only interest therein is his inchoate right of dower and homestead; that said Catherine C. Smith has been in possession of said premises for several years last past, occupying the same with her family as her homestead; that said Catherine C. Smith is not a party to this suit and has never been served with process and has had no notice of the appointment of a receiver; that she is a necessary party to this proceeding and the appointment of a receiver is void and should be rescinded and said receiver discharged."

On the next day Smith filed his appeal bond. On February 23, 1929, an order was entered requiring Catherine C. Smith to show cause within five days why she should not pay rent to the receiver at the rate of $125 per month.

The errors assigned are that the bill of complaint failed to set forth facts sufficient to entitle the com-

plainant to have a receiver appointed and that the court erred in not requiring bond from the complainant.

The complainant has made a motion to dismiss the appeal, urging that it appears of record that Smith is without appealable interest.

The bill of complaint discloses no interest of Smith in the premises. It merely charges that he claims an interest. A careful examination of his answer to the petition of the receiver shows that he in fact disclaims any present interest in the property. He first says that his wife is purchasing the premises under contract and that his "only interest therein is his inchoate right of dower and homestead." The use of the word "only" apparently was designed to disclaim any present interest in himself. He then says that his wife has been occupying the premises "with her family as her homestead"; that she was not served with process and had no notice of the appointment of a receiver; that she was a necessary party to the proceeding and that the order appointing the receiver is void and should be "rescinded and said receiver discharged."

He does not say in his answer that he is living with his wife and family or that he is asserting any rights in his own behalf because of his inchoate right of dower and homestead. He merely advises the court that a receiver was erroneously appointed in the absence of notice to a necessary party with a substantial interest. Particularly is this construction of the answer warranted in view of the facts that he was represented in court by counsel when the motion for the appointment of a receiver was made and that he made no protest until almost a month after the appointment and then only when he was confronted with a rule to show cause why he should not pay rent in a substantial amount.

If Smith had made of record facts showing that his wife had a homestead interest in the property, that he was a member of her family, and that he opposed the

receivership by virtue of his present right of occupancy under the homestead laws of this State, as distinguished from the inchoate right of homestead, a different question would arise. This he did not do. He negatived any present interest in himself and relied upon the rights of his wife.

The answer of Smith, however, was sufficient to apprise the court of facts requiring it to proceed with caution. One of the principal duties of a chancellor in receivership matters is to exercise unusual care to protect the rights of all parties in interest. Before he appoints a receiver he should search the record to determine if a sufficient foundation has been laid for such action. If he appoints a receiver and finds that he has been imposed upon he should correct the results of the imposition immediately.

In the instant case, the verified bill of complaint was the only evidence, so far as the record discloses, presented in support of the motion for the appointment of a receiver. It contained no allegation that the maker of the mortgage note was insolvent, that waste was being committed or that the premises were not ample security. Anna Blair, the holder of the record title was notified by mail without any showing that personal service could not be had. She did not appear. No mention was made of parties in possession or of their rights or claims.

Under such circumstances the proper procedure to be followed is well stated in the case of *Bothman v. Lindstrom*, 221 Ill. App. 262, where the court said:

"And indeed it has been held that even where the trust deed expressly pledges the rents as security for the debt and authorizes the appointment of a receiver, the court will not make such appointment where it would be inequitable to do so. *Bagley v. Illinois Trust & Savings Bank*, 199 Ill. 76. And in the case of *Aetna Life Ins. Co. v. Broeker*, 166 Ind. 576, it was held that

the provision in a trust deed authorizing the appointment of a receiver to collect the rents would not be enforced in a court of chancery except where the equities of the case required that it be done. In the *Bagley* case the court said (p. 79): 'The court is not bound to enforce such a provision where it is not necessary to enforce the lien on the rents and profits for the payment of the mortgage debt. But it has been held that such an agreement in the mortgage is entitled to weight in determining whether the power of the court to make the appointment should be exercised or not.' From a consideration of the authorities we are clear that upon an application for the appointment of a receiver in a foreclosure proceeding, a provision of the trust deed pledging the rents and authorizing the appointment of a receiver is not of controlling force, but that a court of chancery will appoint or refuse to appoint a receiver as may be proper upon a consideration of all the equities of the case.''

Despite the provisions of the usual trust deed authorizing the appointment of a receiver without notice and without complainant's bond, interested parties are entitled to equitable consideration in a court of chancery. They are entitled to be heard in opposition to the motion for the appointment. If the security appears to be ample it is inequitable to encumber the property with the needless expenses of a receivership. Likewise they are entitled to be present and have the assurance that a competent and trustworthy person is appointed.

No showing whatever was made to warrant the action of the court in excusing the complainant from giving bond. In addition the order does not comply with the statute. No facts are set forth and it is not even recited that the chancellor was of the opinion that the bond should be waived. This form of order has been repeatedly held bad. *Sherman Park State Bank*

*v. Loop Office Building Corp.*, 238 Ill. App. 450, and cases cited.

In view, however, of what we have previously said about Smith's right to prosecute this appeal, we are of the opinion that the appeal should be dismissed and it is so ordered.

*Appeal dismissed.*

HOLDOM, P. J., and WILSON, J., concur.