Central Trust Company of Illinois, Appellee, **v.** Christopher J. McGurn et al., Defendants. Appeal of Christopher J. McGurn, Appellant.

Gen. No. 34,206

46

Opinion filed April 3, 1930.

PHILIP R. TOOMIN and EVERETT LEWY, for appellant; PHILIP R. TOOMIN, EVERETT LEWY and A. L. STEIN, of counsel.

CHAPMAN & CUTLER, for appellee; PERRY M. CHADWICK and CHARLES M. THOMSON, of counsel.

Mr. Justice O'Connor delivered the opinion of the court.

By this appeal the defendant, Christopher J. McGurn, seeks to reverse an order appointing a receiver in a mortgage foreclosure suit.

On December 14, 1929, complainant filed its verified bill to foreclose a trust deed given to secure an indebtedness of $190,000 on certain real estate in Chicago. The indebtedness was evidenced by a series of bonds and it was alleged that bonds aggregating $38,500 had beeen paid; that on August 1, 1929, default was made in the payment of 10 bonds of $500 each and a default in payment of interest due on the same date of more than $4,900; that the owners of the premises were unable to pay the taxes and special assessments levied against the property as a result of which there was a sale for the general taxes of 1927, and another sale for certain special assessments; that a mechanic's lien had been filed and that the property was inadequate security for the protection of the bondholders, and under the provisions of the trust deed the whole indebtedness remaining unpaid was declared due.

Attached to and made a part of the bill was a copy of the trust deed. On December 18, notice was served on McGurn that application would be made for the appointment of a receiver, and on the 19th an order was entered appointing a receiver. December 21, the receiver filed its acceptance of the appointment and December 31, an order was entered on motion of the complainant *nunc pro tunc* as of December 19, amending the order appointing the receiver. January 16 following McGurn took his appeal by filing bond under the statute with the clerk of the court.

By the trust deed the rents, issues and profits of the premises, as well as the premises, were pledged as security for the payment of the bonds, principal and

interest. The trust deed further provided that in case of default it should be lawful for the complainant to enter into and take immediate possession of the premises and that immediately upon filing any bill for foreclosure a receiver might be appointed to take possession of the premises, collect all rents, etc., with or without notice to the mortgagor and without regard to the solvency or insolvency of the mortgagor or to the value of the premises.

The defendant contends that the court was without power to appoint a receiver without first requiring complainant to give a bond, unless the giving of such bond was dispensed with in the order of appointment as required by paragraph 55, chapter 22, Cahill's 1929 statutes, and that since the order appointing a receiver did not provide that no bond need be given by the complainant, the order is erroneous and should be reversed. The section referred to provides: "That before any receiver shall be appointed the party making the application shall give bond to the adverse party in such penalty as the court or judge may order and with security to be approved by the court or judge, conditioned to pay all damages including reasonable attorneys' fees sustained by reason of the appointment and acts of such receiver, in case the appointment of such receiver is revoked or set aside; *provided*, that bond need not be required, when for good cause shown, and upon notice and full hearing, the court is of opinion that a receiver ought to be appointed without such bond."

It is conceded by counsel for complainant, as indeed it must be, that an order appointing a receiver must comply with the provisions of the statute. The order entered on December 19, appointing a receiver, states that the matter for the appointment of a receiver was heard on the verified bill of complaint, and that due notice of the application for the appointment was given to the defendant, McGurn, the owner of the

mortgaged premises. And it was ordered that the Foreman State Trust and Savings Bank be appointed receiver. There are other matters appearing in the order appointing the receiver which we think it unnecessary to refer to here. But no mention is made in the order that a bond need not be filed by the complainant as required by the statute. Obviously the order was erroneous in failing to comply with the statute, and there is no contention to the contrary. But counsel for complainant contend that the error in the order was remedied by the order entered December 31, which the court ordered entered *nunc pro tunc* as of December 19.

The record discloses that on December 31, the court entered an order which recites that the matter came on for hearing on motion of solicitors for complainant for the entry of an order amending the order of December 19 appointing the receiver, and it was ordered and adjudged that the order of December 19 be amended by inserting in an appropriate place the following: ''And upon notice and full hearing, the court being of the opinion that the filing by the complainant of a bond to the adverse party need not be required, for good cause shown, and that a receiver ought to be appointed without the filing of such bond.'' And by inserting a further provision that the receiver be appointed without giving bond except the funds and securities deposited by the receiver with the auditor of public accounts as by statute provided.

The defendant contends that the order of December 31 purporting to amend the order of December 19, was improper, but that even if the order might be considered as having been properly amended, it is still insufficient because no facts are set forth in the order which would excuse the giving of the bond. What such an order should contain has been the subject of consideration in a great many cases, some of

which are: *Walker v. Kersten,* 115 Ill. App. 130; *Watson v. Cudney,* 144 Ill. App. 624; *Sherman Park State Bank v. Loop Office Bldg. Corp.,* 238 Ill. App. 450; *Chicago Title & Trust Co. v. Bickley,* 255 Ill. App. 45; *Mason v. Hooper,* 166 Ill. App. 537.

In the *Walker* case, after the sale of the premises under a foreclosure decree, there was a deficiency and a receiver was appointed. Upon appeal to this court one of the contentions urged for reversal was that the order appointing the receiver did not require the complainant to give bond and no cause was shown why bond should not be required and that this was contrary to section 1 of the statute in question. In passing on this question Mr. Justice Baker, in speaking for the court said (p. 132): "In this we think the court erred. But the error was not harmful. The statute provides that the complainant shall give a bond to the adverse party conditioned to pay all damages, etc., 'in case the appointment of such receiver is revoked or set aside.' Hurd's R. S., ed. 1903, p. 231. The case was a proper one for the appointment of a receiver. The order appointing a receiver, therefore, will not be set aside or revoked, and there could be no recovery by appellant on the bond if one had been given." In that case, it will be noted that, although the statute had not been complied with in any particular, yet the order appointing the receiver was affirmed because it affirmatively appeared that the case was a proper one for a receiver and therefore there could be no liability because the purpose of the statute, as expressly stated by the legislature, was to require the party making the application to give bond to the adverse party conditioned to pay the adverse party all damages, including reasonable attorney's fees sustained by reason of the appointment, if it developed that the appointment should not have been made. It would have been an idle and useless ceremony to reverse

the order because it was not in accordance with the statute where no purpose would be served by doing so. The law never requires the doing of a useless act. To the same effect is *Bothman v. Lindstrom,* 221 Ill. App. 262.

One of the cases often cited which holds that an order appointing a receiver will be reversed where the statute has not been complied with is *Watson v. Cudney,* 144 Ill. App. 624. In that case a bill was filed to foreclose a chattel mortgage and a leasehold interest, and a receiver was appointed to reopen a restaurant which had been conducted on the premises. On appeal it was sought to reverse the order appointing a receiver. The court there pointed out that the appointment of a receiver in such case rested in the sound discretion of the chancellor; that there was a disputed ownership as to the leasehold; that to authorize the appointment of a receiver there must be a showing "of a right to foreclose the mortgage," and that the allegations of the bill were insufficient to show such right. Other reasons were then pointed out why the receiver should not have been appointed. The court then referred to the statute which we now have under consideration, and said that the record failed to disclose that the applicant for the receivership had given the bond required nor was there any showing that any attempt had been made to comply with the statute, and continuing the court said (p. 629): "To entitle appellee to the appointment of a receiver, he must as a *sine qua non* to the enforcement of that right give the bond required by the statute, unless it is the opinion of the court that a receiver ought to be appointed without bond, and then the court's opinion must affirmatively appear in the order making the appointment. The statutory requirement in this regard cannot be dispensed with. It was evidently enacted for the purpose of making liable the moving party in a receivership proceed-

ing, for such damages as might result from the improvidence of his act in bringing about a receivership where none should have been asked." The order appointing the receiver was reversed. In that case it is obvious that the statute in question should have been complied with because the right to the appointment of a receiver was held unwarranted under the allegations of the bill.

In *Sherman Park State Bank v. Loop Office Bldg. Corp.,* 238 Ill. App. 450, it was held that the appointment of a receiver was erroneous where the only authority for the appointment was the bill of complaint, which was not sworn to. After stating this in the opinion the court referred to the statute we are now considering and said that the order appointing the receiver did not comply with the provisions of the statute because it did not affirmatively show "that the court was of the opinion that the receiver should be appointed without bond"; that "It is not enough to recite that the bond is waived 'upon good and sufficient showing.' The facts must be shown which would excuse the giving of a bond"; and that "The specific reason for appointing a receiver without bond must be recited in the order." (Citing the *Cudney* case.)

*Chicago Title & Trust Co. v. Bickley,* 255 Ill. App. 45, was an appeal from an interlocutory order appointing a receiver in a mortgage foreclosure suit. The court there quoted part of the statute in question but omitted that part of it which provides that the bond required of the party making the application shall be conditioned to pay "all damages . . . sustained by reason of the appointment . . . in case the appointment . . . is revoked or set aside," which omitted part shows the sole purpose of the statute, viz., that the party obtaining the appointment of a receiver shall pay to the adverse party damages in

case the appointment was unwarranted. The power of appointing a receiver in a suit is inherent in a court of chancery. The statute in question does not give the court any power but only limits the action of the court. In the *Bickley* case part of the order appealed from was as follows: "It is ordered by the court, upon consideration of the sworn bill of complaint herein and of the provisions of said trust deed, and for good cause shown, that the complainant herein be and it is hereby excused from giving, and shall not be required to give, the bond provided by the statute in case of the appointment of a receiver on motion of a party to the cause." In passing on this order the court said (pp. 48–49): "There was no full hearing, and no showing that the trust deed was scant security for the indebtedness . . . and the court failed to set forth in the order of appointment that the court was of the opinion that a receiver should be appointed without bond . . . furthermore, there is no recital of any fact which would justify the court in waiving the statutory bond of complainant. . . . The fact that the court was of such opinion should have been recited in the order.

"The authorities are uniform to the effect that the order appointing the receiver must contain all the necessary findings of fact showing that the requirements of the statute were complied with, and that such findings cannot be dispensed with by reference to any other part of the record." In that case, the reason why no part of the record, except the order appointing the receiver, could not be referred to, is not pointed out, nor is any authority cited, nor does any case passing on this question go so far. We are unable to see why the rule that obtained in other chancery cases does not apply here. The general rule in chancery is that where the evidence is preserved in the record, the facts need not be found in the order

or decree but reference may be had to the evidence to ascertain whether it sustains the order or decree. *Hilenski v. Beman,* 291 Ill. 543. It is certain that there is nothing in the statute that prevents such reference.

The question whether a receiver was properly appointed without requiring the bond mentioned in the statute, we think should be determined from an examination of the entire record, and if upon such examination it appears that the statute has been substantially complied with, the order appointing the receiver ought not to be disturbed. In the instant case the evidence upon which the order was entered is in the record—the verified bill—and we think it shows sufficient facts to warrant the court in excusing the complainant from giving the bond mentioned in the statute, and that they need not be repeated in the order.

We have examined all of the cases passing on the statute in question, but we think it would serve no purpose to refer to them here. It is sufficient to say that the language used in the opinions, as to what the order appointing a receiver should contain, has not always been uniform, some of them holding in effect, as in the *Cudney* case, that an order appointing a receiver without requiring bond of the party making the application for the receiver, is void unless it in terms sets forth the specific facts which excuse the giving of the bond, and that where this is not done, the order is void and will be reversed; while there are other cases which hold that the order is not void but merely erroneous, such as *Walker v. Kersten,* 115 Ill. App. 130; *Bothman v. Lindstrom,* 221 Ill. App. 262, and *Walenti v. Krolik,* 234 Ill. App. 407.

Upon a careful consideration of all the authorities passing on this statute, we have reached the conclusion that the whole record may be examined to de-

termine whether a bond should be required of the complainant, and that it is not necessary that the order appointing the receiver contain the facts which, in the opinion of the court, excuse the giving of the bond. But we think the order appointing the receiver ought to show, as the statute requires, that for good cause shown upon notice and full hearing the court was of the opinion that a receiver ought to be appointed without complainant being required to give bond.

In the instant case, the record discloses that the defendant, McGurn, was notified that an application would be made for the appointment of a receiver; that the motion came on for hearing on the verified bill of complaint, and, so far as the record discloses, no objection was made to the appointment of a receiver. The order appointing the receiver was entered on December 19. This order was amended on December 31, and there is nothing in the record from which it appears that the defendant, McGurn, was not notified that the complainant was seeking to have the order appointing the receiver amended. The amendment excused the giving of the bond by the complainant and it states: "And upon notice and full hearing, the court being of the opinion that the filing by the complainant of a bond to the adverse party need not be required, for good cause shown, and that a receiver ought to be appointed without the filing of such bond." We think this amendment showed a sufficient compliance with the statute and therefore the order appealed from ought not to be reversed. Moreover, even if we were of the opinion that the amendment of the order was not properly made, we would not reverse the order because we are of the opinion that the allegations of the verified bill were sufficient to authorize the appointment of the receiver without the complainant giving bond to the adverse party. It

showed that there was a default in payment of principal and interest; that the general taxes and special assessments were in default; and as a result, the property had been sold. A mechanic's lien was filed, and there is no contention that the bill did not set up such facts as would warrant the appointing of a receiver. It would therefore be an idle ceremony to reverse the order, which we will not do. *Walker v. Kersten,* 115 Ill. App. 130.

The order of the circuit court of Cook county is affirmed.

*Affirmed.*

McSurely, P. J., and Matchett, J., concur.

We have examined the construction of paragraph 55, section 1, chapter 22, Cahill's 1929 Statutes, as set forth in last paragraph of page 54, ending on page 55, of the foregoing opinion, and agree with such construction.

Barnes, P. J., Gridley and Scanlan, JJ., Appellate Court, Second Division.

Wilson, P. J., Ryner and Holdom, JJ., Appellate Court, Third Division.