382

M. O. Benson, Appellee, v. Liberty Trust & Savings Bank et al., Appellants.

Gen. No. 35,696.

McSurely, J., dissenting.

Opinion filed January 25, 1932.   Rehearing denied February 8, 1932.

BERNSTEIN, ZOLLA & BERNSTEIN, for appellants; ALECK L. BERNSTEIN and RALPH M. SCHWARTZBERG, of counsel.

ROBERT N. ERSKINE, for appellee; JOHN M. WILSON, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

By this appeal the defendants, the Liberty Trust & Savings Bank, a corporation, as trustee under trust number 851, and Aleck L. Bernstein, seek to reverse an order of the superior court of Cook county appointing a receiver in a foreclosure suit.

After notice the receiver was appointed. The court considered the verified bill and the testimony of witnesses heard in open court. Although notified, the defendants apparently did not appear and the first we hear of the two defendants who prosecute this appeal was when they filed their appearance November 17, nearly a month after the order appointing the receiver.

The defendants contend that the allegations of the bill which are relied upon for the appointment of a receiver are insufficient because they are "on information and belief," and that the allegation in the bill that the property was scant and meager security for the indebtedness is but a conclusion and wholly insufficient upon which to predicate the appointment of a receiver. If the appointment of the receiver were based upon the allegations of the bill alone, there would be much merit in the contention, but the order appointing the receiver states that the court heard the testimony of witnesses in addition to considering the verified bill, and this too, although the trust deed authorized the appointment of a receiver without notice and without regard to the value of the property or the insolvency of the maker. *Frank v. Siegel,* 263 Ill. App. 316.

Although the defendants in their brief base their ground for reversal wholly on the claimed insufficiency of the allegations of the bill and make no reference to the fact that the court heard the testimony of witnesses, yet the complainant in his brief refers to the order appointing the receiver, in which it is stated that the court examined the bill of complaint, heard the testimony of witnesses and found that the premises were meager and scant security for the indebtedness and that this is a finding of an ultimate fact and sufficient without the finding of evidentiary facts. In reply, the defendants say that the finding of the court is not the finding of a fact but is nothing more than a conclusion and therefore insufficient.

October 15, 1931, the verified bill was filed and on October 20 an amended verified bill was filed. The substance of the allegations of the amended bill is that on August 17, 1926, the defendant, The Liberty Trust & Savings Bank, a corporation, as trustee under the agreement known as trust number 851, was the owner of the premises in question, and being indebted in the sum of $50,000, made and delivered its 75 promissory notes numbered 1 to 50 both inclusive, being for $500 each, and notes numbered 51 to 75, both inclusive, for $1,000 each; that the notes, by their terms, were due and payable as follows: Numbers 1 and 2, May 1, 1927; 3 and 4, November 1, 1927; 5 and 6, May 1, 1928; 7 and 8, November 1, 1928; 9 and 10, May 1, 1929; 11 and 12, November 1, 1929; 13 and 14, May 1, 1930; 15 and 16, November 1, 1930; 17 and 18, May 1, 1931; 19 to 75, both inclusive, November 1, 1931; all bearing interest at 6½ per cent per annum, payable semiannually on the 1st days of May and November in each year; that to secure the payment of the notes, the bank, on the same day on which the notes were made, executed its trust deed conveying the premises in question. The trust deed provided that in case of default

by the bank in carrying out the provisions of the trust deed, the legal holder of the note might declare the unpaid balance due immediately without notice, and that a bill to foreclose might be filed. By the trust deed the rents, issues and profits were assigned as further security for the indebtedness, and in case a bill of foreclosure were filed the court might, without notice, appoint a receiver to collect the rents without regard to the solvency or insolvency of the makers and without regard to the value of the premises. The trust deed also contained the usual provisions about payment of taxes, etc.

It is further alleged in the amended bill that the complainant is the legal holder and owner of the notes numbered 17 to 75, both inclusive; that default was made in the payment of notes 17 and 18, which, by their terms, were due May 1, 1931, and that three days later the complainant declared all of the indebtedness immediately due and payable; that the general taxes for the years 1928, 1929, 1930 and 1931 are unpaid and that the taxes for 1928 and 1929 are past due; that after the recording of the trust deed being foreclosed there was another trust deed placed upon the property running to the Chicago Title & Trust Co. as trustee, and that trustee was made a party defendant, but it is alleged that the lien of that trust deed was junior to the one being foreclosed; that the premises were improved with an apartment building consisting of 19 apartments, and upon information and belief it was alleged that some of the apartments were vacant and unoccupied and had been vacant for a long time; that the premises had greatly deteriorated and were in a poor state of repair and that complainant's security was in danger; that considering the depreciated value of real estate the property in question was of less value than the amount due and owing to complainant, and that the property was scant and insufficient security

for the indebtedness due and unpaid. The prayer was for a foreclosure of the mortgage and for the appointment of a receiver.

On the day the amended bill was filed, October 20, 1931, complainant caused a notice to be served on the defendant bank and the defendants Foote, who were alleged to be beneficiaries under the trust agreement by which the bank held the title, notifying them that on the next morning, October 21, an application would be made to the court for the appointment of a receiver, and on October 21 the order appointing the receiver was entered. The order recites the coming on of complainant's motion for the appointment of a receiver; that the court examined the bill and "having heard the testimony of the witnesses offered," found *inter alia,* "that the premises are meager and scant security for the indebtedness secured by said Trust Deed, and that it will be necessary to resort to the rents, issues and profits . . . in order to fully satisfy such indebtedness." The court further found that notice of the application for the appointment of the receiver, although waived by the trust deed, had in fact been given to the bank and to defendants Foote, and that the defendant "August K. Foote, now personally appearing before the court and claiming to be one of the beneficiaries for whom said Liberty Trust and Savings Bank holds legal title"; the receiver was appointed and he was required to give bond in the sum of $7,500. The complainant was required to give bond in the sum of $300. The two bonds were filed the next day and as above stated, the first move made by the defendants was on November 17, when the two appealing defendants filed their appearance and two days later, their appeal bond, which was approved by the clerk.

Upon a consideration of the entire record, it appears that at the time the amended bill was filed, October 20,

1931, notes numbers 17 and 18, for $500 each, were in default since May 1, 1931; the taxes for 1928 and 1929 were past due and unpaid, the taxes for 1930 should have been paid by May 1, 1931, but on account of the tax situation, of which we take judicial notice, they were unpaid. The amended bill alleged upon information and belief that some of the 19 apartments of the building were vacant and unoccupied, that the real estate had greatly deteriorated in value and the building was in a poor state of repair and that the property was of less value than the amount due the complainant; that there was another mortgage on the property junior to the one in question.

On the hearing of the application for the appointment of a receiver, the court heard the testimony of witnesses. What the testimony was, we are not advised because it has not been preserved by a certificate of evidence, but the court, after having examined the verified bill and after hearing the testimony of the witnesses, found that the premises were meager and scant security for the indebtedness secured by the trust deed. In these circumstances, we think the record is sufficient to warrant the appointment of a receiver. Moreover, it further appears that notes numbers 19 to 50, both inclusive, for $500 each, and notes numbers 51 to 75, both inclusive, for $1,000 each, all became due November 1, 1931, 11 days after the amended bill was filed, yet the defendants made no move to have the receiver discharged, but the first thing they do is to file their appearance on November 17 and their bond with the clerk two days later, appealing from the order appointing the receiver.

The order entered by the superior court of Cook county appointing a receiver is affirmed.

*Order affirmed.*

MATCHETT, J., concurs.

McSURELY, J., dissents.