Chicago Title & Trust Company, Appellee, v. James A. Lauletta et al. James A. Lauletta and Germaine Lauletta, Appellants.

Gen. No. 35,846.

Heard in the third division of this court for the first district at the February term, 1932.

Opinion filed March 16, 1932.

OTTO G. RYDEN, for appellants.

URION, DRUCKER, BISHOP & BOUTELL, for appellee; WILLIAM B. GEMMILL and ROSS S. WELCH, of counsel.

MR. JUSTICE WILSON delivered the opinion of the court.

This matter comes before this court on an interlocutory appeal from an order appointing a receiver on a bill for foreclosure. The bill is in the usual form and is brought for the purpose of foreclosing a trust deed on certain property described therein and which appears from the trust deed and notes to be located at the southwest corner of Rockwell street and Rosemont avenue in the City of Chicago. The trust deed in question contains the usual allegations describing the parties and the property, default in the payment of interest and taxes, and praying for the appointment of a receiver to collect the rents and profits derived from the property.

The bill was filed December 15, 1931. December 14, the day before the filing of the bill, the following notice

was mailed to the defendants James Lauletta and Germaine Lauletta:

"To:

James Lauletta and Germaine Lauletta,
5120 North Winchester Avenue,
Chicago, Illinois.

"PLEASE TAKE NOTICE That on Thursday, December 17, 1931, at the opening of court in the forenoon, or as soon thereafter as counsel can be heard, we shall appear before whatever Judge the Chief Justice shall assign the case * to, in the Court room usually occupied by him in the County Building, Chicago, or in his absence before any other judge sitting in his stead, and shall then and there ask, for the appointment of a Receiver for the above premises; at which time and place you may appear if you so see fit to do.

Urion, Drucker, Bishop and Boutell.

* Judge can be ascertained by telephoning counsel."

This notice was sent by registered mail and received by the defendants December 15. December 17, 1931, an order was entered in said cause by the chancellor of the superior court from which it appears that notice of the motion for a receiver had been duly served on the defendants and upon the hearing of evidence the court ordered the appointment of a receiver upon the giving of a bond by both the complainant and the receiver within five days.

December 29, 1931, an order was entered granting the receiver leave to employ counsel, but without notice to the defendants.

January 9, 1932, an order was entered approving the bond of the complainant and this bond was filed in the office of the clerk of the superior court on January 9, 1932. An examination of this bond shows that it runs to the People of the State of Illinois instead of to the defendants.

January 14, 1932, the defendants perfected their interlocutory appeal by filing their bond in the office of the clerk of the superior court of Cook county.

An additional abstract of record was filed herein by the appellees showing that on February 23, 1932, a certain certificate of evidence was presented and signed by the chancellor which appears to be a recital of what took place at the time the order appointing the receiver was entered. This purported certificate of evidence having been filed after this appeal was perfected does not concern this court in its consideration of the matter before it. A perusal of the certificate, however, shows that it appears to be a narrative signed by the chancellor showing what took place before him two months earlier. It states that evidence was heard, but no evidence appears in the certificate. This purported certificate of evidence states that the present counsel for the defendants was in court at the time and took part in the discussion regarding the appointment of a receiver. It does not appear, however, that the present counsel was the then attorney for the defendants, nor was there any appearance entered by the defendants or anybody on their behalf. No order was entered at the time the receiver was appointed granting leave to anybody to file a certificate of evidence, nor was there any time fixed in which a certificate of evidence was to be filed.

Defendants urge as a ground for reversal that the notice was insufficient in that it failed to designate the judge before whom the motion was to be heard, the time when it was to be heard, or a description of the premises which were to be foreclosed.

It is further insisted that the notice required by law was a personal notice and that the mailing of a registered letter is not sufficient to satisfy the requirements.

The objections are, in our opinion, well taken. The notice wholly fails to state any place in any court where the motion is to be heard and in the body of the notice it is provided that they shall ask for the appointment of a receiver for "the above premises." The above premises appear to be 5120 North Winchester avenue, Chicago, Illinois, which is the address of the defendants and totally different from the premises described in the trust deed and notes. The property being foreclosed is described as being at the corner of Rockwell street and Rosemont avenue. There is nothing in the record to show that the defendants owned or had any interest in the property at 5120 North Winchester avenue, to which address the notice was mailed.

The Practice Act, section 16, Cahill's St. ch. 110, ¶ 16, provides that notice of motions on a person who has been sued but who has not entered his appearance shall be served personally upon him, or, if not found, by leaving a copy at his residence or place of business. The rule of the superior court contains a similar provision. Service of notice of any proceeding in court is supposed to be personal service unless otherwise designated by law. *Grabowski v. MacLaskey,* 257 Ill. App. 484; *Haj v. American Bottle Co.,* 261 Ill. 362.

The complainant failed to file its bond as provided by the order which required this to be done within five days and no notice was served on the defendants of any new order requiring the giving of such bond. It is insisted that the trust deed contains a clause to the effect that notice of the application for the appointment of a receiver is waived. Complainants, however, failed to proceed according to this provision in the trust deed but attempted to serve notice. The court, moreover, in its order appointing the receiver, stated that it was done upon notice served. It is possible that if no notice had been received no receiver would have

been appointed. This court has held repeatedly that the appointment of a receiver is not a matter to be considered lightly. The appointment of a receiver is an extraordinary remedy and the interests of all parties concerned should be safeguarded. The owner of the property, in a foreclosure proceeding as well as the one seeking to subject the property to an indebtedness, is entitled to consideration and should be advised of the proceedings incidental to the appointment of a receiver. He should be heard upon the question, if he cares to be present, as to whether or not a receiver should be appointed and also as to the fitness of the appointee. In the opinion of this court the notice was not such as answered the requirements of the law and the order entered December 17, 1931, appointing a receiver was, therefore, ineffective.

For the reasons stated in this opinion the order of December 17, 1931, appointing a receiver is reversed.

*Order of December 17, 1931 appointing a receiver reversed.*

HEBEL, P. J., and FRIEND, J., concur.