## Chicago Title and Trust Company, Appellee, v. Anna M. Johnson et al. George M. Chamberlain, Appellant.

### Gen. No. 36,171.

Opinion filed October 20, 1932.   Rehearing denied November 2, 1932.

NORMAN A. BECK, for appellant; ROBERT F. BITT-RICH, of counsel.

ANDERSON & ANDERSON, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

Upon a verified bill of complaint filed April 2, 1932, praying for the foreclosure of a trust deed executed October 25, 1926, by Elmer J. Lavine and Ellen M. Lavine, his wife, to secure 178 bonds of the aggregate amount of $48,000, on June 9, 1932, the chancellor appointed a receiver for the premises conveyed to the trustee and described in the bill.   The bonds were to be paid serially, and the last series matured on October 25, 1931.   The trust deed contained a provision that upon the filing of any bill for the purpose of foreclosing, the court might at any time thereafter, either before or after sale, without notice and without regard to the solvency or insolvency of the persons liable for payment of the indebtedness secured and without regard to the then value of the premises, or whether the same should then be occupied by the owner of the equity of redemption as a homestead, appoint a re-

ceiver with power to collect the rents, issues and profits of the premises during the pendency of the foreclosure suit, and, in case of sale and a deficiency, during the full 15 months' statutory period of redemption.

The bill averred that bonds Nos. 1 to 20 and all interest were paid when due or taken up by the house of issue uncanceled; that on October 25, 1931, bonds Nos. 21 to 178 inclusive in the aggregate amount of $39,200 became due and payable; that neither the makers nor anyone in their behalf had paid any part of the principal so due, and that such default had continued for more than 20 days from October 25, 1931.

The bill alleged that Paul Demos was on the date of filing the record owner of the title to the premises; that George M. Chamberlain had or claimed to have some interest, lien or claim in and to the real estate which it was alleged was subsequent, inferior and subordinate to the right of complainant. It also alleged that the premises were improved with a three-story brick apartment building containing two four-room apartments, two six-room apartments, two offices and three stores, and that the premises were in need of repairs and redecorating in order to obtain suitable tenants for the portion thereof which was vacant and in order to keep the tenants then occupying the premises; that by reason of the condition of the real estate market in the City of Chicago the value of the premises was greatly diminished, and that the premises were scant and insufficient security for the indebtedness; that complainant was informed and believes that a fair and reasonable value of the premises was less than $40,000, and that a receiver should be appointed to take immediate possession, charge and control of the premises and collect the rents, issues and profits thereof.

A summons issued April 2, 1932, but was not placed in the hands of the sheriff for service. An alias sum-

mons issued May 11, 1932, and was duly served on Paul Demos, Elmer J. Lavine and Ellen Lavine and returned not found as to the other defendants. On June 7, 1932, the Lavines entered their appearance by their solicitor.

Notice of motion for the appointment of a receiver was filed in the office of the clerk of the superior court of Cook county on June 8, 1932. It was addressed to Otto G. Ryden, 1611 Conway Building, Chicago, Illinois, and George M. Chamberlain, Phillips, Wisconsin, and stated that on June 8, 1932, at the opening of court, or as soon thereafter as counsel could be heard, solicitors for complainant would appear before Judge Gentzel in the room usually occupied by him as a court room in the county building in Chicago, or in his absence before such other judge as might be hearing his motions of course, and move the court for the appointment of a receiver to take charge of the premises, and that in support of the motion they would read the verified bill of complaint theretofore filed. Ryden accepted service of the notice as of June 4th, and the affidavit of Rose Goebel was filed to the effect that she served the notice "by mailing a true carbon copy of the same on June 3, 1932, in a sealed envelope with return address on same, by registering same in the post office of the United States of America, at 160 North LaSalle street, Chicago, Illinois, requesting return receipt on same, addressed as follows: Mr. George M. Chamberlain, Phillips, Wisconsin." The receipt of the post office dated June 3, 1932, showing that a return receipt was requested is also of record.

On June 9, 1932, the order appointing the receiver was entered. It states that the cause came on to be heard upon the sworn bill of complaint, upon the motion of solicitors for complainant and upon other evidence heard and considered by the court, and that "the court finds that George M. Chamberlain is the owner

of the equity of redemption in the property hereinafter described and finds that the said George M. Chamberlain is a resident of Phillips, Wisconsin, and that due and timely notice of the pendency of this motion has been served upon him by registered letter mailed to him on June 3, 1932, and also by personal service on Otto G. Ryden, who has filed his appearance herein for Elmer J. Lavine and Ellen M. Lavine, defendants, and who appeared in open court upon the argument of this motion and opposed the appointment of a receiver herein, and the court having read and considered the said bill of complaint and other evidence and documents adduced before the court and the said motion having been fully argued by counsel and the court being fully advised in the premises, Doth Find: I. That the court has jurisdiction of the parties hereto and of the subject matter hereof,'' etc.

On June 13, 1932, without further notice so far as the record shows, an order was entered approving complainant's bond in the sum of $500 and the receiver's bond in the sum of $5,000, and said bonds were filed on that date. Complainant's bond as filed and approved names as obligees, ''Anna M. Johnson et al.'' On June 22, 1932, complainant filed an amendment to its bill making ''Mrs. ———— Chamberlain'' party defendant, and on June 23, 1932, Paul Demos entered and filed his appearance. On June 30, defendants Lavine answered, and on July 1, 1932, George M. Chamberlain filed his appeal bond in the office of the clerk of the superior court of Cook county, and the same was approved by the clerk of the court on that date.

It is contended in the first place that the notice given to Chamberlain was insufficient under section 16 of the Practice Act (Cahill's Ill. Rev. St. 1931, ch. 110, ¶ 16). That section provides, in substance, that before a party prosecutes or defends in his own proper person he shall enter his appearance in writing, and state

where service of notice may be had upon him, etc. The record does not disclose that Chamberlain was in the trial court defending in his own proper person, or that he had filed his appearance, and this section of the statute is not applicable.

It is also urged that the notice given did not comply with rules 21 and 22 of the circuit and superior courts, of which, by reason of the statute, we now take judicial notice. (See Cahill's Ill. Rev. St. 1931, ch. 51, ¶ 58, section 2.) These rules, however, as we construe them, have no application to the service required upon nonresident defendants in a motion made for the appointment of a receiver.

Defendant relies upon *Grabowski v. MacLaskey,* 257 Ill. App. 484, and *Chicago Title & Trust Co. v. Lauletta,* 265 Ill. App. 564. Without discussing those cases at length, it is sufficient to say that in neither case were the rights of a nonresident defendant in any way involved. Defendant cites a number of cases, such as *Haj v. American Bottle Co.,* 261 Ill. 362, where the court considered the notice required under the statute providing for the creation of an attorney's lien. The distinction between such cases and this one is obvious. Moreover, we have held that a court of equity has jurisdiction to appoint a receiver for the property of nonresidents without any notice at all. *McDougall Co. v. Woods,* 247 Ill. App. 170. However, the finding here is to the effect that defendant received notice, and if he received the notice that was sufficient. *Kinkade v. Gibson,* 209 Ill. 246.

The order appointing the receiver directed that complainant should give bond in the sum of $500 with sureties to be approved by the court, and that the receiver should give bond in the sum of $5,000 with sureties to be approved by the court. The order was entered on June 9, 1932, and the bonds of complainant and of the receiver were not approved until June 13, 1932. The obligees named in the bond given by com-

plainant were ''Anna M. Johnson et al,'' and the record does not show that notice was given of the applications for orders approving these bonds. Defendant contends that the bonds should have been approved on the same day the order appointing the receiver was entered, and that further notice should have been given of the applications. It is also urged that the bond of complainant was defective in that George M. Chamberlain was not specifically named as one of the obligees.

This appeal, however, was unnecessary in order to protect the rights of defendant in any of these respects. As already stated, the order appointing the receiver was entered June 9, 1932, and prior thereto defendant received notice sent by mail. This appeal was taken by the filing of a bond in the office of the clerk of the circuit court on July 1, 1932. The record discloses no movement on the part of defendant either to have the order appointing the receiver set aside or to call any supposed defects in the bonds to the attention of the trial judge. Defendant perfected his appeal without making any complaint to the chancellor. He was technically within his legal rights in doing this, but the inference which will be drawn by this court from such circumstances has been pointed out in the recent case of *Benson v. Liberty Trust & Savings Bank*, 264 Ill. App. 382. Moreover, as before stated, this appeal was wholly unnecessary for the purpose of correcting any imperfections in the bonds. *Haugan v. Carr*, 263 Ill. App. 333. Defendant cites *Watson v. Cudney*, 144 Ill. App. 624, and other cases following that decision which has been much modified by the recent case of *Central Trust Co. v. McGurn*, 257 Ill. App. 45.

There is no error in this record which would require reversal, and the order of the trial court is therefore affirmed.

*Affirmed.*

McSURELY, P. J., and O'CONNOR, J., concur.