Edgar H. Little, Jr., Appellee, v. Chicago National
Life Insurance Company et al., Appellants.

Opinion
filed December 26, 1933.

E. R. ELLIOTT and JAMES K. MORAN, for appellants.

LOUIS BEASLEY and EDWARD C. ZULLEY, for appellee.

MR. PRESIDING JUSTICE EDWARDS delivered the opinion of the court.

Appellee, Edgar H. Little, Jr., filed a creditor's bill in the circuit court of St. Clair county against the appellants, Chicago National Life Insurance Company and Pacific States Life Insurance Company, together with the American Life Re-Insurance Company, by which he sought to subject assets of the Chicago National Life Insurance Company, which he charged had wrongfully been turned over to, or otherwise acquired, by Pacific States Life Insurance Company, to the payment of two judgments which he had previously ob-

tained against said former named company, and which, with interest and costs, aggregated in the neighborhood of $23,000.

The Chicago National Life Insurance Company did not answer the bill. However, the Pacific States Life Insurance Company duly made answer, whereupon appellee filed his petition for the appointment of a receiver of the assets of the Chicago National Life Insurance Company. After notice, a hearing was had upon the bill, answer and petition, no testimony being taken. The chancellor entered an order appointing Elmer C. Weihl as such receiver, and waiving the complainant's bond. From this order appellants have perfected this appeal, and assert that the appointment, as thus made, was unwarranted and erroneous.

The abstract filed by appellants, in relation to the order appointing the receiver, shows: "It appearing that after due notice and full hearing, sufficient cause exists for the appointment of a receiver, and that such receiver shall be appointed forthwith, without requiring the complainant herein to give bond, and that Elmer C. Weihl is a suitable person, it is ordered . . . ", etc.

Appellee states that the abstract, in this respect, is incorrect and incomplete, and refers this court to the record to ascertain the facts relative thereto. It is the rule that a party, who considers his adversary's abstract of the record insufficient, has the right, and it is his duty, to file a supplemental abstract, supplying the deficiency, and not seek by complaints to impose upon the court the burden of reading the whole record. *Hand v. Waddell*, 167 Ill. 402. No supplement to the abstract having been filed, we shall, within the rule as stated, assume the abstract is correct, and consider it in that light.

Cahill's St. ch. 22, ¶ 55 (sec. 54, ch. 22, Smith-Hurd R. S. 1933), which governs the appointment of re-

ceivers, requires that before such appointment is made, the complainant shall give bond to the adverse party, conditioned to pay all damages sustained as a consequence, should the receiver's appointment be subsequently revoked or set aside; the section further stating: "Provided, that bond need not be required, when for good cause shown, and upon notice and full hearing, the court is of opinion that a receiver ought to be appointed without such bond."

It thus appears that before the court may lawfully waive the complainant's bond, there must be a full hearing, after notice, and the chancellor must be of opinion that because of good cause shown, the receiver ought to be appointed without such bond.

This section of the statute has been repeatedly construed by the courts, and the uniform holding has been that the order which excuses the giving of such bond must affirmatively include the various elements which the statute requires, to justify such waiver.

In *Sherman Park State Bank v. Loop Office Bldg. Corp.*, 238 Ill. App. 450, the order complained of set forth: "It is further ordered, upon good and sufficient showing, that the bond of the complainant herein be, and the same is, hereby waived." The court held the order objectionable; first, in that it did not show affirmatively that the court was of opinion that the receiver should be appointed without giving bond; secondly, in that it was not enough to state that the bond was waived upon good and sufficient showing, but that the facts must be set out which would excuse the giving of the bond; and thirdly, the specific reason for appointing a receiver, without bond, must be recited in the order. To the same purport are *Chicago Title & Trust Co. v. Bickley*, 255 Ill. App. 45, 49; *Davis v. Blair*, 252 Ill. App. 417, 422.

The order in the instant case is worded very similarly to that in the *Sherman Park State Bank* case,

*supra,* and, it will be observed, does not contain any of the essentials, enumerated in that opinion, as are necessary to constitute a valid order. There is no recital that the court is of opinion that the appointment should be made without bond, nor can it be inferred that the court must have been of such opinion, from the fact that it arrived at such conclusion. It must affirmatively state that the court was of such opinion. *Chicago Title & Trust Co. v. Bickley, supra.*

Further, within the rule of the *Sherman Park State Bank* decision, while it recites that "sufficient cause exists," it does not proceed to set forth what the sufficient cause was, nor state any facts from which it might be deduced that such good cause was shown as would excuse the giving of a bond. It also utterly fails to recite the specific reason which moved the chancellor to waive the bond, as required by the rule in the case last cited.

The occasion for the rule requiring such statements of fact, and the reason for making the appointment without bond, to be recited in the order, is obvious. While such an order is interlocutory, it is one from which an appeal may be taken. Cahill's St. 1933, ch. 110, ¶ 122 (App'x); sec. 122, ch. 110, Smith-Hurd R. S. 1933. It is therefore important that the order state the "good cause shown," which would warrant the court in waiving bond. The court being required to find "good cause shown," in order to base its opinion that a bond should be waived, and its action in so doing being the subject of review, the Appellate Court must know the reason which moved the chancellor in excusing the bond, in order to determine whether or not such reason was a "good cause shown," as required by the statute. Hence the reason, and the facts upon which it is based, must be set out in the order, otherwise it could not be known what the trial court found to be the good cause which impelled him to the opinion that the bond be waived.

As said in *Chicago Title & Trust Co. v. Bickley,* *supra,* at page 48: ''No receiver should be appointed unless and until the statutory requirements have been strictly complied with.'' In the present case there was not compliance with several of the prerequisites enumerated by the statute, to justify excusing the bond.

The order was insufficient, and improperly entered.

*Order reversed.*